[Civ. No. 10617.   Second Appellate District, Division One.—July 18, 1936.]

COLONIAL WOOLEN MILLS COMPANY (a Corporation), Appellant, v. THE COUNTY OF LOS ANGELES, Respondent.

H. I. Brouillette for Appellant.

Everett W. Mattoon, County Counsel, and Beach Vasey, Deputy County Counsel, for Respondent.

WHITE, J., *pro tem.*—This is an appeal by plaintiff from a judgment rendered against it in an action growing out of

a contract between defendant, County of Los Angeles, and plaintiff, under the terms of which the former agreed to purchase from the latter an order of blankets. Plaintiff sought to recover from the defendant county the sum of $2,088.58, at a cost over and above the agreed basic price of the blankets. This increased cost is claimed as a result of higher wages and shorter hours in appellant's plant, by reason of the operation of a code adopted under the National Industrial Recovery Act. The dispute arises over whether the contracts between the parties provided for a fixed price, or a fixed price plus such increase. The facts germane to the question before us are that on May 19, 1933, the purchasing agent of respondent county sent out to the trade a request for quotations on 7,500 bed blankets. In addition to containing the specifications for the blankets, the request stated that quotations were to be delivered to the county purchasing agent on or before June 9, 1933, at 12 o'clock noon. On the last-named day appellant, through its Los Angeles agent, submitted an offer or bid on the form furnished by the purchasing agent, accompanied by a letter of explanation. This bid stated the price at which appellant would deliver the number of blankets called for, and contained the following language:

"Due to the present situation in the raw wool market, it is necessary that we be advised as to the acceptance of our bid, on or before the morning of the 14th inst., at which time, if no decision has been made by you as to the award, that we will at that time give further extension of our prices, or will quote new prices."

It appears that nothing further was done by either of the parties until on the 18th of June appellant dispatched a telegram to its local agent reading as follows:

"Re tel can only furnish one thousand number two gray stop Not covered on any more raw material stop These are critical times stop County waited too long stop Options expired new government labor bill adding additional cost which we did not expect so soon stop Will furnish light color blanket like sample submitted according to specifications stop Will have to know at once or will have to withdraw prices stop May show this telegram to Mr. Cortwright.

"THE COLONIAL WOOLEN MILLS COMPANY."

It appears that this telegram was delivered to respondent's assistant purchasing agent by appellant's local agent. On June 21, 1933, the respondent county's purchasing agent prepared his purchase orders, addressed to appellant, for the blankets in question. These orders were received on the 24th day of June, 1933, according to the testimony of appellant's Los Angeles agent. The next step, in chronological order, was the mailing by appellant of what is denominated throughout the record as its "acknowledgments". The record contains undisputed testimony that these "acknowledgments" were mailed on July 1, 1933, but there is also undisputed testimony that there is no record of them having been received by respondent's purchasing agent or by the auditor of Los Angeles County, to whom they were addressed. The so-called "acknowledgments", which were introduced in evidence, after setting forth the basic sales price, contained the following language:

"To the prices herein stated shall be added any processing tax on raw material or manufactured products or Federal and State sales tax or taxes or any increased cost due to Federal and State regulations or regulations within the industry approved by Federal and State authority."

Also included in the so-called "acknowledgments" was the following language:

"All terms of this contract are set forth hereon. If incorrect in any respect this contract must be returned within one week after receipt by buyer. The retention of this confirmation beyond that time shall signify buyer's acceptance of all the terms and conditions expressed hereon."

The record indicates that appellant did manufacture and deliver to respondent county 7,606 bed blankets, and that the respondent paid to appellant the basic price of same, in the sum of $20,626.83, but refused to pay the additional sum of $2,088.58 alleged by appellant to be due under the contract by reason of federal regulation and regulations within the industry approved by federal authority as aforesaid.

The trial court found that on or about the 21st day of June, 1933, appellant and respondent entered into an agreement whereby respondent agreed to purchase and appellant agreed to sell 7,500 bed blankets of a specified design for use by respondent; that pursuant to such agreement appellant did manufacture and deliver to respondent 7,606

bed blankets, which were received, accepted and retained by respondent. The court further found that the agreed price to be paid for the number of bed blankets so delivered and accepted was the sum of $20,626.83, and that such sum had been paid by respondent to appellant. The trial court further found that "it is not true that plaintiff and defendant entered into any agreement whereby defendant agreed to pay, in addition to said sum, any process tax on raw material or manufactured products, or any federal or state sales tax or taxes, or any increased cost due to federal or state regulation or regulations within the industry approved by federal or state authority, or any other additional sum whatever."

Appellant assails the judgment on the ground that these findings are without support in the evidence; that when respondent county failed, on or before June 14th, to accept the bid tendered by appellant with the proviso that the same must be acted upon on or before June 14th; that the subsequent purchase orders forwarded by respondent county to appellant under date of June 21st were merely offers to buy, and subject to acceptation and confirmation by appellant; that when appellant acknowledged the receipt of such orders with a condition attached thereto, it was a new and different proposal; and that when respondent county accepted, retained and continued to use the product manufactured for it by appellant, the county became liable under the new and different proposal made by appellant as seller, and consequently became indebted to appellant for the payment of the additional charges provided for in the so-called "new proposal". Respondent county, on the other hand, contends that appellant's bid of June 9th constituted the offer, and that the purchase order dated June 21st and received by the local agent of the bidder constituted the acceptance. In answer to appellant's contention that the original offer expired June 14th, respondent contends that appellant's telegram of June 18th extended the time within which respondent could accept the tendered bid, by providing in the telegram of June 18th that the offer must be accepted at once or the prices would be withdrawn.

We are in accord with respondent's contention herein that by its telegram appellant did extend the time limit in the offer, and there being no evidence of any withdrawal, but on

the contrary, a prompt acceptance of the offer on the part of the county, that the contract was thereby consummated by the county's acceptance of appellant's original bid, which, by the terms of its telegram, appellant continued in force until the same should be withdrawn. It needs no citation of authority, because it is elementary in the law of contracts, that a contract is created by an offer from one party followed by an acceptance from the other. Under the facts of the instant case, we are of the opinion that the evidence was ample to support the finding of the trial court that appellant's bid of June 9th constituted the offer, and the respondent county's purchase order of June 21st received by appellant's agent, constituted the acceptance. There being in the record evidence of sufficient substantiality to support this finding, the same is conclusive on appeal. A perusal of the record in this case satisfies us that the trial court was fully justified in concluding that H. E. Simes, or H. E. Simes and Company, was the duly appointed, authorized and acting agent of appellant. In fact, it seems to us that appellant's telegram of June 18th to its local agent, H. E. Simes and Company, which the latter was authorized to, and did, show to Mr. Cortwright, assistant purchasing agent of respondent county, amounted to a ratification of acts of appellant's agent in submitting the bid of June 9th. While there is a conflict in the evidence as to whether the so-called "acknowledgments" were received by respondent county, it seems to us that the receipt or nonreceipt thereof is not material to a decision in this case, because under the findings of the trial court, which in our opinion are supported by the evidence, the contract was entered into and became final as to its terms when respondent county put its acceptance in the course of transmission to the appellant bidder by delivery thereof to the latter's agent.

We find it unnecessary to discuss or decide other points raised on this appeal.

For the foregoing reasons, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.